**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JORDY ALVARADO CISNEROS,<br><br>*Petitioner*,<br><br>v.<br><br>LUIS SOTO *et al.*,<br><br>*Respondents*. | Civil Action No. 26-3833<br><br>**OPINION & ORDER**<br><br>September 21, 2026 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court upon Petitioner's Motion for Reconsideration of this Court's August 31, 2026 Order denying additional relief sought in his Amended Petition for a Writ of Habeas Corpus. (ECF No. 31, "Order"; ECF No. 32, "Motion" or "Mot.") The Court has reviewed the Motion, Respondents' Opposition (ECF Nos. 35-36, "Opposition" or "Opp."), Petitioner's Reply (ECF No. 37, "Reply"), as well as the prior submissions and Orders entered in this matter concerning Petitioner's immigration detention and medical care. For the reasons set forth below, the Motion is **DENIED**.

**WHEREAS** a motion for reconsideration is an extraordinary remedy that may be granted only upon a showing of an intervening change in controlling law, the availability of new evidence that was not previously available, or the need to correct a clear error of law or prevent manifest injustice. *See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Reconsideration is not an opportunity to relitigate matters previously decided or to express disagreement with the Court's prior ruling. *Id.*; see also L. Civ. R. 7.1(i); and

**WHEREAS,** in his Motion, Petitioner relies principally upon evidence concerning the

dental treatment he received after the Court's July 31, 2026 Order directing Respondents to take all reasonable steps necessary to ensure that he received the dental treatment recommended by his treating providers. (*See* Mot.; ECF No. 29.) Petitioner contends that Respondents' August 12, 2026 status report (ECF No. 30) materially understated or inaccurately described the dental procedure and omitted information concerning the pain and other symptoms he experienced thereafter. (Mot. at 5-9.) However, the Court notes that Petitioner does newly identify alleged deficiencies in his post-operative care, mental-health treatment, and treatment of several other medical conditions. (*Id.* at 8-9.) Specifically, Petitioner newly alleges inadequate treatment for depression and PTSD and identifies other medical complaints, including abdominal pain, unilateral head pain, hematuria, and chronic respiratory symptoms. (*Id*); and

**WHEREAS** the Court does not discount the seriousness of Petitioner's allegations. Indeed, the Court previously found that the continued delay in obtaining medically recommended dental treatment warranted interim relief and specifically directed Respondents to ensure that Petitioner received the recommended treatment. (*See* ECF No. 29.) The newly submitted materials therefore provide a legitimate basis for the Court to consider whether the circumstances presented in the Motion warrant reconsideration of the Court's August 13, 2026 Order denying additional relief. (*See* Order). Nevertheless, after considering the complete record, including the additional materials submitted by both parties, the Court concludes that reconsideration is not warranted; and

**WHEREAS** as an initial matter, the Court's August 13, 2026 Order did not determine that every aspect of Petitioner's medical care was constitutionally adequate. Rather, after reviewing the parties' submissions and the status report concerning Petitioner's dental treatment, the Court determined that Respondents had complied with its July 31 directive and that the record did not

demonstrate that further habeas relief was warranted. (*See id.*) Petitioner's newly submitted evidence does not alter that conclusion. The Court recognizes that Petitioner alleges that the dental procedure was traumatic, that he experienced substantial pain following the procedure, that there were delays in receiving pain medication, and that he subsequently experienced additional symptoms, including fever, facial pain, and numbness. (Mot. at 5-9.) As mentioned, Petitioner also alleges inadequate treatment for depression and PTSD and identifies other medical complaints, including abdominal pain, unilateral head pain, hematuria, and chronic respiratory symptoms. (*Id.* at 8-9.) But even considering those allegations and the newly submitted evidence, however, as explained below, the record does not establish that Respondents' conduct rises to the level necessary to render Petitioner's continued immigration detention unconstitutional; and

**WHEREAS,** in evaluating Petitioner's claim, the Court is mindful that a civil immigration detainee may, in appropriate circumstances, establish a constitutional violation based upon deliberate indifference to a serious medical need. *See Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 329-31 (3d Cir. 2020). *Hope*, however, does not establish a general rule that every claim concerning allegedly inadequate medical treatment is cognizable through habeas corpus or that medical deficiencies necessarily require release from detention. Rather, the availability of habeas relief for conditions of confinement is exceptional, and the Court must determine whether the particular circumstances establish that continued detention itself has become unconstitutional. Specifically, in *Hope*, this Court established that "deliberate indifference" to a Petitioner's medical needs "requires significantly more than negligence," and is "consistent with recklessness as that term is defined in the criminal law." *Id.* at 330-31 (internal citation and quotations omitted); and

**WHEREAS** the present record does not establish that extraordinary circumstance. The medical records and Respondents' submissions reflect that Petitioner has received medical

evaluations and treatment while detained, including treatment relating to his dental complaints and other reported medical conditions. (*See generally* Opp.) Petitioner's disagreement with the nature, timing, or adequacy of particular aspects of that treatment, even where accompanied by evidence of significant pain or an unfavorable medical outcome, does not by itself establish deliberate indifference or demonstrate that his continued detention is unlawful. *See Hope*, 972 F.3d at 329 ("'mere disagreement' as to the response to the risk to Petitioner[] in light of their medical condition will not support constitutional infringement"). Nor does the record establish that release from immigration detention is constitutionally required as a remedy for the medical issues Petitioner identifies; and

**WHEREAS** to the extent Petitioner again challenges the duration of his detention, the Court previously considered and rejected that claim. (ECF No. 16.) Petitioner previously received an individualized bond hearing pursuant to 8 U.S.C. § 1226(a), as ordered by the Court. (ECF Nos. 9, 10.) The passage of additional time, Petitioner's pending immigration proceedings, and his assertion that his detention may continue for some period do not, on the present record, establish a basis to reconsider the Court's prior determination concerning the constitutionality of the duration of his detention. *See Jennings v. Rodriguez*, 583 U.S. 281, 297-300 (2018); and

**WHEREAS** while the Court has carefully considered Petitioner's newly submitted evidence and does not minimize his medical concerns, it concludes that Petitioner has not demonstrated an intervening change in controlling law, sufficient newly available evidence, clear error of law or fact, or manifest injustice warranting reconsideration of the Court's August 13, 2026 Order. *See Max's Seafood Café*, 176 F.3d at 677. Nor has Petitioner demonstrated on the present record that further relief under 28 U.S.C. § 2241 is warranted. Accordingly,

**IT IS**, on this 21st day of September 2026,

**ORDERED** that Petitioner's Motion for Reconsideration (ECF No. 32) is **DENIED WITHOUT PREJUDICE**. The Court's August 13, 2026 Order (ECF No. 31) remains in effect. Nothing in this Order shall preclude Petitioner from seeking appropriate relief based upon materially changed circumstances or genuinely new evidence concerning the legality of his continued detention; and it is further

**ORDERED** that for good cause shown, Respondents Motion to Seal Exhibit A to Respondents' September 1, 2026 Response (ECF No. 36) is **GRANTED**; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this matter.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**